[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER
CT Page 4177
On June 25, 1999, the Watertown Zoning Enforcement Officer ordered and directed the plaintiffs to immediately:
 "1. Cease the use of private property (driveway) in the Town or Watertown in an R-90 Residential Zoning District to access your commercial activities; i.e. riding academy, salvage warehouse business.
 2. Cease the use of private property (driveway) in the Town of Watertown in an R-90 Residential Zoning District to access the proposed telecommunications facility in Bethlehem.
 3. Cease the operation of a riding rink in the Town of Watertown as an accessory use to the riding academy and boarding stables located in the Town of Bethlehem and Watertown."
Thereafter, the plaintiffs appealed this order to the defendant, Zoning Board of Appeals without success. They then brought the instant appeal and preliminarily seek a Temporary Restraining Order prohibiting enforcement of the Cease and Desist Order while that appeal is pending.
A hearing was held on this application on the 27th and 28th of last month. From the evidence presented, the court finds the following: that the plaintiffs are statutorily aggrieved; that they maintain commercial activities on their land in the Town of Bethlehem, which land is contiguous to their Watertown property; that the Watertown property is in an R-90 zone; and that their Bethlehem property is not zoned.
Further, the court finds that plaintiffs have neither sought nor obtained the required Special Permit for the operation of an exterior riding rink on their Watertown property, said rink having been operated as an accessory use to their business in Bethlehem.
The court also finds that there has been no traffic, vehicular CT Page 4178 or pedestrian, across plaintiffs' Watertown property to a proposed telecommunication facility in Bethlehem.
Based on the foregoing, it's clear that plaintiffs' application should be denied with regard to the continued operation of the riding rink on their Watertown property and granted with regard to the alleged use of same for access to a non-existent telecommunications facility in Bethlehem. As to the latter, its inclusion in the Cease and Desist Order is at best premature.
As to the remaining order issued by the Zoning Enforcement Officer on June 2, 1999, "Cease the use of private property (driveway) in the Town of Watertown in an R-90 Residential Zoning District to access your commercial activity; i.e. riding academy, salvage warehouse business", plaintiffs contend that they have good cause to support the reported Temporary Restraining Order prohibiting enforcement of same.
"Good cause", under the circumstances of this matter, meaning 1) that plaintiffs will suffer irreparable and imminent financial harm if the Cease and Desist Order is enforced, and from the evidence, the Court so finds; and 2) that a balancing of the equities (harm and benefits) favors granting the temporary restraining order. Certainly a comparison of the harm that would befall the plaintiffs if their application is denied is of a much greater magnitude than any benefit to the defendant or any harm that an adverse ruling would bring to it, the Town of Watertown or to the integrity of its Zoning Regulation; and 3) that there is a distinct likelihood that plaintiffs will be successful on the merits of their appeal.
Evidence presented at hearing raised many questions concerning public versus private ways providing access to plaintiffs' commercial activities in Bethlehem, issues of ancient road dedication, acceptance, non use, abandonment and the like. Additionally, the propriety of the Cease and Desist order being predicated on section 7.4 of the Zoning Regulations was questioned. It is the answer to this threshold question which is dispositive of plaintiffs' application.
Section 7.4 of the Watertown Zoning Regulations provides as follows: "7.4 Use of Land for Access: Access to any use in a Business or Industrial Zone shall be prohibited on or across land in a Residential Zone." This section is clear, succinct and defendants argument to the contrary notwithstanding, inapplicable CT Page 4179 to the instant case. Plaintiffs' commercial use is located on property that is not located in either a Business Zone or an Industrial Zone. Therefore, access provided across their R-90 zoned Watertown property is not access to a use in either a Business or Industrial Zone. As a result, this section doesn't fit the factual circumstance of the matter and leads the Court to the conclusion, at least at this juncture, that there is no basis supporting the Cease and Desist Order under section 7.4 and further, that there is a distinct likelihood that plaintiffs will be successful on the merits of their appeal. Consequently, plaintiffs' application is granted as to this order.
To reiterate, the court grants plaintiffs' application for a Temporary Restraining Order prohibiting the enforcement of the following Cease and Desist Order:
 1. Cease the use of private property (driveway) in the Town or Watertown in an R-90 Residential Zoning District to access your commercial activities; i.e. riding academy, salvage warehouse business.
The court also grants plaintiffs' application prohibiting the enforcement of the following order:
 2. Cease the use of private property (driveway) in the Town of Watertown in an R-90 Residential Zoning District to access the proposed telecommunications facility in Bethlehem.
Finally, the court denies the plaintiffs' Application pertaining to the following order:
 3. Cease the operation of a riding rink in the Town of Watertown as an accessory use to the riding academy and boarding stables located in the Town of Bethlehem and Watertown."
As provided above, the court has granted in part and denied in part plaintiffs' application. Where granted, the Temporary Restraining order will continue in effect during the pendency of the instant appeal or until further order of the court.
THOMAS G. WEST, J. CT Page 4180